The above captioned appeal, as well as Stewart v. Mansour, 569 So.2d 1006 (La. App. 3 Cir.1990), and Prejean v. Fowler, 569 So.2d 1006 (La.App. 3rd Cir.1990), raise identical issues on appeal, and for these reasons, the appeals are being consolidated by the court for rendition into one opinion, however, separate judgments will be rendered in each of these consolidated cases in conformity with this opinion.
The appellants seek declaratory relief to determine whether three district judges are in violation of state law as a result of having qualified for re-election in their respective divisions, while previously having qualified for election to the Third Circuit, Court of Appeal. The appellants argue the *1005 defendants are prohibited from qualifying as candidates in two judicial elections pursuant to La.R.S. 18:453, and alternatively that they are in violation of Louisiana’s “dual office holding” statute, La.R.S. 42:63(C).
These appeals involve a unique and complicated set of facts and circumstances. The Louisiana legislature in Act 801 of 1987 created three additional judgeships for the Third Circuit, Court of Appeal. Each of the three judges involved in these appeals, Judge Planchard, Judge Mansour, and Judge Brunson, timely qualified for the election of these judgeships in 1988.
Judge Planchard, who presently is the judge for Division E of the Fourteenth Judicial District Court, qualified for the District Two, Division C judgeship for the Third Circuit, Court of Appeal. Judge Mansour, who presently is the judge for Division A of the Ninth Judicial District, qualified for the District One, Division C judgeship for the Third Circuit, Court of Appeal. Judge Brunson, who is presently the judge for Division F of the Fifteenth Judicial District Court, qualified for the District Three, Division C judgeship for the Third Circuit Court of Appeal. Judge Brunson and Judge Mansour were the sole candidates in their respective districts. The remaining district had three candidates qualify, including Judge Planchard. The candidates other than Judge Planchard subsequently withdrew leaving him as the only candidate.
Subsequent to the filing of these appeals, a special three judge panel of the United States District Court for the Middle District of Louisiana pursuant to proceedings entitled Janice G. Clark v. Charles “Buddy” Roemer, bearing Civil Action No. 86-435-A, rendered a judgment dated October 22, 1990, which reads in pertinent part as follows:
IV.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the State of Louisiana shall be enjoined from conducting an election or allowing any person to take the oath of office for the following judgeships:
(1) All judgeships authorized by Act 801 of 1987 including:
(a) Third Circuit Court of Appeal, District 1, Division C;
(b) Third Circuit Court of Appeal, District 2, Division C;
(c) Third Circuit Court of Appeal, District 3, Division C.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that any election set for November 6, 1990 or December 8, 1990 for judgeships created by Act 801 of 1987 shall be enjoined and can-celled until these judgeships are pre-cleared. If preclearance is obtained, the State of Louisiana shall be required to reopen a qualification period for these judgeships.
V.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that all previous orders issued in this case which are inconsistent with this order be rescinded or modified in accordance with this order.
VI.
IT IS FURTHER ORDERED, ADJUDGED AND DECREED that this Court shall retain jurisdiction of this case for whatever further relief may be necessary or required.
In our opinion,' this judgment renders these appeals moot.
For the reasons stated above, it is hereby ordered that the appeal in the above captioned case is dismissed as moot in view of the judgment issued in the special three judge panel in Clark v. Roemer, supra dated October 22, 1990. All costs are taxed to appellants.
APPEAL DISMISSED.